# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**TREYSHAWN LEE JONES**                                                            **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:18-CV-P297-CHB**

**CORRECT CARE SOLUTIONS**                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Treyshawn Lee Jones leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claim against Defendant Correct Care Solutions (CCS) but allow Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Defendant CCS, the healthcare provider at Louisville Metro Department of Corrections where Plaintiff is incarcerated.

Plaintiff alleges that he chipped his tooth on November 25, 2017, and that after he filed multiple healthcare request forms with CCS, he was prescribed ibuprofen for pain. Plaintiff then states that on April 7, 2018:

> CCS seen me for an appointment for their dentist to perform surgery. He drilled, cut, and pulled to extract my tooth. He also broke the crown of my tooth. He failed, leaving me in pain and half my tooth still in my mouth. He then prescribed me medication, Tylenol #3 and Amoxicillin 500 mg and scheduled an offsite dentist appointment. . . .

Plaintiff then alleges that on April 12, 2018, "CCS provided another dentist. He tried to extract the rest of my tooth but the numbing medication he injected in my gum didn't work. He stopped leaving me again in pain and half my tooth still in my mouth."

Plaintiff concludes his complaint by stating that as of May 7, 2018, he is "still waiting for the offsite appointment."

Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*citing Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

As stated above, Plaintiff has only sued CCS in this action. The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (*citing Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not claimed that any alleged violation of his constitutional rights was the result of a policy or custom implemented or endorsed by CCS. Accordingly, the Court will dismiss Plaintiff's claim against CCS for failure to state a claim upon which relief may be granted.

However, the Court will give Plaintiff the opportunity to amend his complaint to name as Defendants any individuals he believes may have violated his constitutional rights. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant CCS [**R. 1**] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which identifies any individuals he seeks to name as Defendants in this action, specifies that he is suing the newly named Defendants in their individual capacities, describes how each newly named Defendant was or continues to be deliberately indifferent to his serious medical need, and states whether he has yet been seen by an "off-site dentist," continues to be prescribed pain medication, and/or or has otherwise received further treatment for his tooth.**

Plaintiff should submit a completed summons form for each Defendant within the same 30-day period.[1]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's § 1983 claim will be dismissed for the reasons stated herein.

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to Defendants.

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: June 12, 2018

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
A958.011