UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TREYSHAWN LEE JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECT CARE SOLUTIONS, ET AL., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 3:18-CV-297-CHB <br><br> **MEMORANDUM OPINION** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Treyshawn Lee Jones leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint [R. 10] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I. PROCEDURAL HISTORY**

Plaintiff filed his original complaint in May 2018. In that complaint, Plaintiff named Correct Care Solutions (CCS), the healthcare provider at Louisville Metro Department of Corrections (LMDC) where Plaintiff was incarcerated, as the Defendant. Plaintiff alleged that he chipped his tooth on November 25, 2017, and that after he filed multiple healthcare request forms with CCS, he was prescribed ibuprofen for pain. Plaintiff then stated that on April 7, 2018:

> CCS seen me for an appointment for their dentist to perform surgery. He drilled, cut, and pulled to extract my tooth. He also broke the crown of my tooth. He failed, leaving me in pain and half my tooth still in my mouth. He then prescribed me

- 1 -

medication, Tylenol #3 and Amoxicillin 500 mg and scheduled an offsite dentist appointment.

[R. 1 at 4-5]

Plaintiff next alleged that on April 12, 2018, "CCS provided another dentist. He tried to extract the rest of my tooth but the numbing medication he injected in my gum didn't work. He stopped leaving me again in pain and half my tooth still in my mouth." *Id.* at 5. Plaintiff concluded his original complaint by stating that as of May 7, 2018, he was "still awaiting the offsite appointment." *Id.*

On June 12, 2018, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. [R. 8, Memorandum Opinion and Order]. In that review, the Court dismissed Plaintiff's claim against CCS for failure to state a claim upon which relief may be granted. The Court, however, gave Plaintiff the opportunity to amend his complaint under *LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). The Court advised Plaintiff that if he chose to file an amended complaint, he should identify any individuals he sought to name as Defendants in this action, specify that he was suing them in their individual capacities, describe how each newly named Defendant was or continues to be deliberately indifferent to his serious medical needs, and state whether he has yet been by an "off-site dentist," continues to be prescribed pain medication, or has otherwise received further treatment for his tooth. [R. 8 at 5]

Plaintiff filed his amended complaint on July 17, 2018. In his amended complaint, Plaintiff names as defendants Mark Bolton, the Director of LMDC, and the "shift supervisor" of Trinity Food Services [TFS]. He sues these defendants in their individual capacities.

Plaintiff first states that he "chipped [his] tooth on a piece of metal (the metal was on a tray of food) Trinity Food Service (our food provider) prepared." [R. 10 at 3] He then summarizes the allegations he set forth in his original complaint and states that he still has not been seen by an off-site dentist. *Id.* at 3-4. Finally, Plaintiff writes: "Louisville Metro is responsible for that appointment. Louisville Metro Department of Corrections along with Trinity Food Services violated my 8th Amendment Cruel and Unusual Punishment and also show neglect of the issue." *Id.* at 4.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

As stated above, Plaintiff sues LMDC Director Mark Bolton and the TFS "shift supervisor" in their individual capacities for violations of his rights under the Eighth Amendment. Because Plaintiff does not make any specific allegations against either defendant, it appears that Plaintiff seeks to hold Defendant Bolton liable for the medical care he received for his tooth while incarcerated at LMDC and the TFS "shift supervisor" liable because Plaintiff chipped his tooth on a piece of metal he alleges was on his food tray. These claims fail, however, because the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff has failed to allege that either Defendant Bolton or the TFS "shift supervisor" was actively involved in, or even aware of, any allegedly unconstitutional conduct. The Court will therefore dismiss Plaintiff's claims against Defendants Bolton and the TFS "shift supervisor" for failure to state a claim upon which relief can be granted.

**B. State-Law Claims**

To the extent that Plaintiff asserts state-law negligence claims against either Defendant, the Court declines to exercise supplemental jurisdiction over these claims. "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, Plaintiff's state-law negligence claims will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate order.

Date: September 10, 2018

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendant Bolton
 Trinity Food Services
 Jefferson County Attorney
A958.011